19336. WADDELL *v.* KIRTON.

ARGUED MAY 16, 1956—DECIDED JULY 10, 1956.

*C. E. Moore*, for plaintiff in error.
*Moreton Rolleston, Jr.*, contra.

ALMAND, Justice. Mrs. Myrtle B. Kirton filed a petition in ejectment in the fictitious form against H. E. Waddell, seeking to recover a described tract of land known as 832 Berne Street, N. E., in the City of Atlanta. The defendant filed a plea of not guilty, and on the trial a verdict was returned finding in favor of the plaintiff on the issues as to the garage building and driveway. A decree was entered thereon that the plaintiff recover the premises described with its buildings, and a writ of possession was ordered issued., The motion of the defendant for a new trial, on the usual general grounds and one special ground, being denied, he prosecutes a writ of error complaining of that judgment.

■ The only special ground of the motion for a new trial complains that the court erred in charging the jury as follows: "Gentlemen, if you find in this case that the plaintiff's predecessors in title were in possession of the property in dispute prior to the time that the defendant's predecessors came into possession of the property, if they did come into such possession, then you would find in favor of the plaintiff on that issue." It is contended that this charge was not adjusted to the evidence, and was confusing and misleading and in conflict with other portions of the charge. The excerpt from the charge complained of, when taken in connection with other portions of the charge, was not erroneous for any reason assigned.

■ On the trial, the plaintiff introduced in evidence a deed to her dated July 6, 1951, conveying the premises described in the petition, and other deeds, one to J. B. Bradley, one of the plaintiff's predecessors in title, dated September 7, 1935. There was oral testimony that one of the plaintiff's predecessors in title lived on the premises from 1930 to 1951, when the plaintiff received her deed and went into possession. There was evidence that a driveway, located entirely on the property of the plaintiff, had been in existence since 1931, and that a garage had been built on the rear of the lot, and testimony of a surveyor that a part of this building was on a part of the property described in the plaintiff's deed.

There was evidence on behalf of the defendant that she and her predecessors in title had been using the driveway and garage for more than 20 years. The court instructed the jury that the plaintiff could recover the premises upon proof of her prior possession alone against one who subsequently acquired possession by mere entry alone and without any lawful right whatever. He further instructed them that, if they found for the plaintiff on this issue, they would go further and determine whether or not the defendant had a right to use the driveway by reason of 7 years' use, and his right to the possession of the garage by reason of 20 years' use, and as to each of these issues the jury were instructed that, if they found from a preponderance of the evidence that the defendant had acquired an easement to the driveway and a prescriptive title to the garage, they would find for him. On all these issues the evidence is in conflict, and it

cannot be said that the verdict in favor of the plaintiff as to the driveway and the garage was contrary to the evidence.

It follows that the court did not err in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. All the Justices concur.*